UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROYAL BANKS OF MISSOURI, RICHARD L. STRILER, as Receiver for Missionary Ventures, LLC, and OBLATE SHRINES AND RENEWAL CENTERS, INC., Plaintiffs-Counter Defendants, v. CITY OF BELLEVILLE, ILLINOIS, Defendant-Counter Claimant. | Case No. 25-cv-00933-JPG |

# MEMORANDUM AND ORDER

This case is before the Court on the parties' discovery dispute. Each side raises discovery issues, which the Court addresses in turn.

## A. Plaintiffs' Discovery Disputes:

Plaintiffs ask the Court to: (1) overrule Defendant's general objections to Plaintiffs' First Request for Production and First Set of Interrogatories; (2) overrule Defendant's specific objections—other than those based on attorney-client privilege, executive-session privilege, and third-party confidential or financial information—to Plaintiffs' First Request for Production Nos. 1–35 and First Set of Interrogatories Nos. 1, 2, 4, 5, and 7–14; and (3) compel Defendant to provide complete answers to Plaintiffs' First Set of Interrogatories Nos. 4, 8, 9, 10, 11, and 12.

### *i. General Objections:*

Plaintiffs challenge Defendant's general objections to each of Plaintiffs' First Request for Production and First Set of Interrogatories because they are conditional and do not state to which requests each of the objections apply. The Court **OVERRULES** these general objections. *See Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*, No. 07-169-DRH, 2008 WL 2074093, at *2 (S.D.

Ill. May 14, 2008) ("Making general objections is a dangerous practice, as the party who offers such general objections runs the risk of having them summarily denied."); *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("'[G]eneral objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered.").

*ii. Specific Objections:*

Plaintiffs challenge five specific objections that Defendant raises to Plaintiffs' First Request for Production Nos. 1–35 and First Set of Interrogatories Nos. 1, 2, 4, 5, and 7–14. These objections are: (1) the requests are vague and ambiguous; (2) the requests are overly broad and unduly burdensome; (3) the requested information is equally available to Plaintiffs; (4) the requests are not reasonably calculated to lead to the discovery of admissible evidence; and (5) the interrogatories seek narrative responses that are more appropriately addressed in depositions.

1. Vague and Ambiguous:

Defendant objects to Request Nos. 1–35 on the grounds that the terms "relating to," "related to," and "concerning," are vague and ambiguous. The Court **OVERRULES** these objections. "Relating to," "related to," and "concerning" are neither vague nor ambiguous, particularly when they are used, as here, in conjunction with specific documents or to seek communications between identified parties.

2. Overly Broad and Unduly Burdensome:

Defendant objects to Request Nos. 1–35 and Interrogatory Nos. 1, 2, 4, 5, 8, 9, 11, 12, and 13 on the grounds that they are overly broad and unduly burdensome by seeking information concerning a development that spans a time period of more than ten years, involves several persons

(some of whom are now deceased), and is disproportional to the needs of this case.

The Court **SUSTAINS** this objection with respect to Interrogatory No. 1. The interrogatory asks Defendant to "[i]dentify each person . . . who has knowledge of any facts or information relevant to the subject matter of the Action." This language is overly broad because it would require Defendant to identify every person with any information remotely relevant to the litigation.

However, the Court **OVERRULES** these objections with respect to Request Nos. 1–35 and Interrogatory Nos. 2, 4, 5, 8, 9, 11, 12, and 13. The amount in controversy here is significant. Plaintiffs are seeking to enforce a Redevelopment Agreement that provides reimbursements to the Developer totaling over $32 million and includes total project costs estimated at $75 million. It is not overly broad and unduly burdensome to seek documents or communications related to the central issues in this case, even if those requests seek documents that span a ten-year period and that involve several people, some of whom are now deceased.

3. Information Equally Available:

Defendant objects to Request Nos. 1–35 and Interrogatory Nos. 1, 4, 5, 7, and 8–13 on the grounds that the information is equally available to Plaintiffs. The Court **OVERRULES** these objections. Defendant has not shown that the requested discovery is cumulative or duplicative, or that the burden of producing the documents would be greater for Defendant than for Plaintiffs to obtain them. *See* FED. R. CIV. P. 26(b)(2)(C)(i) (stating that the Court must limit discovery if it determines "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *Avenatti v. Gree USA, Inc.*, No. 2:20-cv-00354-JPH-MJD, 2021 WL 1034392, at *3 n.3 (S.D. Ind. Mar. 17, 2021). Further, it appears to the Court that most of the information that Plaintiffs seek is not in

their possession.

4. Not Reasonably Calculated to Lead to Discovery of Admissible Evidence:

Defendant objects to Request Nos. 1–35 and Interrogatory Nos. 1, 4, 5, and 7–13 on the grounds that they are not reasonably calculated to lead to the discovery of admissible evidence. The Court **OVERRULES** these objections. To begin, information "need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). In addition, these objections and boilerplate and do not identify any basis for limiting the requested discovery. *See Barron v. Paycor, Inc.*, No. 3:20-cv-264-DWD, 2026 WL 1477808, at *2 (S.D. Ill. May 27, 2026) ("[W]hen the objecting party raises nonspecific boilerplate objections without clearly explaining how the request is objectionable, courts should overrule the objections in favor of broad discovery, pursuant to the federal rules.").

5. Narrative Responses More Appropriately Addressed in Depositions:

Defendant objects to Interrogatory Nos. 1, 4, 5, 8–14 on the grounds that they call for a narrative more appropriately addressed in depositions. The Court **OVERRULES** these objections because they are boilerplate and do not identify any basis for limiting the requested discovery. *See id.*

*iii. Answers to Interrogatories:*

Plaintiffs contend that Defendant's answers to Plaintiffs' First Set of Interrogatories Nos. 4, 8, 9, 10, 11, and 12 are deficient, and asks the Court to compel Defendant to provide complete substantive responses.

1. Interrogatory No. 4:

Interrogatory No. 4 asks, in pertinent part, that Defendant identify each person with whom it has communicated or met concerning the Development, Redevelopment Agreement, Redevelopment Plan, Annexation Agreement, Enacting Ordinances, Tax Incentives, and Partial Assignment. Defendant responded that it communicated or met with some of the individuals identified in its answer to Interrogatory No. 1, which occurred on different dates, and provided a general reference to all the Bates-stamped documents it produced. This response is insufficient because Defendant does not identify the specific individuals with whom it communicated or met. The Court **COMPELS** Defendant to identify each such individual, or if Defendant does not know the identity of an individual, to state so.

2. Interrogatory No. 8:

Interrogatory No. 8 asks, in pertinent part, that Defendant identify each communication sent or received, or meeting held, between Defendant and Missionary (or any persons acting on behalf of Defendant or Missionary), concerning Missionary's plans and actions with respect to the Development. Defendant responded with a general reference to all the Bates-stamped documents it produced. Those documents, however, do not contain any communications between Defendant and Missionary (or persons acting on behalf of Defendant or Missionary). The Court **COMPELS** Defendant to identify any such communications or meetings to the extent they exist, or if they do not exist, to state so.

3. Interrogatory No. 9:

Interrogatory No. 9 asks, in pertinent part, that Defendant identify each communication sent or received, and meeting held, by Defendant and Zoom (or any persons acting on behalf of Defendant or Zoom) concerning Zoom's plans to construct a convenience store at the

Development. Defendant responded with a reference to certain Bates-stamped documents it produced. Those documents, however, do not contain any communications between Defendant and Zoom (or persons acting on behalf of Defendant or Zoom). The Court **COMPELS** Defendant to identify any such communications or meetings to the extent they exist, or if they do not exist, to state so.

4. Interrogatory No. 10:

Interrogatory No. 10 asks that Defendant identify the Developer's Proposal, as referenced in Defendant's letter dated October 6, 2022. It also asks Defendant to provide the name, address, and telephone number of the person to whom the Developer's Proposal was transmitted or delivered or with whom it was stored, all persons to whom the Developer's Proposal was sent or transmitted, and all persons possessing copies of such documents. Defendant responded that the Developer's Proposal is the Redevelopment Proposal submitted by the Developer in January of 2015 amended/supplemented by the Developer in September of 2015 with the revised narrative adding three additional hotel and made a reference to certain Bates-stamped documents that it produced. This response is insufficient because it does not specifically identify which Bates-stamped document that Defendant contends is the Developer's Proposal and does not provide the requested contact information. The Court **COMPELS** Defendant to provide a specific reference to exactly which Bates-stamped document it contends is the Developer's Proposal, and to provide the contact information for (1) the person to whom the Developer's Proposal was transmitted or delivered or with whom it was stored; (2) all persons to whom the Developer's Proposal was sent or transmitted; and (3) all persons possessing copies of such documents. If Defendant does not know this information, it must state so.

5. Interrogatory No. 11:

Interrogatory No. 11 asks, in pertinent part, that Defendant identify each person who communicated with Defendant, or with whom Defendant communicated, concerning the Developer's Proposal. Defendant responded that it communicated or met with some of the individuals identified in its answer to Interrogatory No. 1, which occurred on various dates. This response is insufficient because Defendant does not identify the specific individuals with whom it communicated. The Court **COMPELS** Defendant to identify each such individual, or if Defendant does not know the identity of an individual, to state so.

6. Interrogatory No. 12:

Interrogatory No. 12 asks, in pertinent part, that Defendant identify each person who communicated with Defendant or with whom Defendant communicated concerning the Annexation Agreement. Defendant responded that it communicated or met with some of the individuals identified in its answer to Interrogatory No. 1, which occurred on various dates. This response is insufficient because Defendant does not identify the specific individuals with whom it communicated. The Court **COMPELS** Defendant to identify each such individual, or if Defendant does not know the identity of an individual, to state so.

B. Defendant's Discovery Disputes:

Defendant asks the Court to overrule Plaintiffs' specific objections that Defendant's Request for Production Nos. 1–5 are vague and overly broad.[1]

Request Nos. 1–5 ask Plaintiffs to produce the following documents:

---

[1] Plaintiffs raise other objections to Defendants' Requests for Production and Interrogatories, but they concede that all objections should be overruled except those asserting that Request Nos. 1–5 are vague and overly broad and those based on attorney-client privilege, executive-session privilege, and third party confidential or financial information. Thus, the Court **OVERRULES** the remaining objections.

1. Any and all communications of any person(s) who purporting to have knowledge of any and all allegations contained in Plaintiffs' Complaint in this case.

2. Any and all communications concerning the allegations contained in Plaintiffs' Complaint in this case.

3. Any and all notes, logs, journals, or diaries concerning the allegations contained in Plaintiffs' Complaint in this case.

4. Any and all documents concerning the allegations contained in Plaintiffs' Complaint.

5. Any and all documents concerning any statements, or memoranda or notes regarding communications or statements in any form, from any persons concerning any matter relevant to the allegations contained in Plaintiffs' complaint.

The Court **OVERRULES** Plaintiffs' objections that these requests are vague and ambiguous. The requests identify both the types of documents sought and the subject matter to which those documents must relate. Accordingly, they are not vague or ambiguous.

However, the Court **SUSTAINS** Plaintiffs' objections on the grounds that these requests are overly broad and unduly burdensome. The requests are not limited to particular documents, communications, persons, or issues but instead broadly seek documents concerning the allegations in Plaintiffs' complaint. As a result, they encompass a potentially vast number of documents, including those only tangentially related to the allegations in this case. This breadth is particularly unwarranted given Plaintiffs' representation that they have produced all documents that are responsive to these requests.

**IT IS SO ORDERED.**
**DATED**: **November 4, 2026**



**J. PHIL GILBERT**
**United States District Judge**